**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

CURTIS A. NEAL,

                Plaintiff,

-vs-                                  Case No. 3:14-cv-1113-J-34PDB

ATLAS ACQUISITIONS, LLC,

                Defendant.

_____/

## ORDER

      **THIS CAUSE** is before the Court on Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. No. 13; Motion to Dismiss) and Defendant's Motion for Entry of an Order Referring Case to the United States Bankruptcy Court for the Middle District of Florida Pursuant to Standing Order of Reference (Doc. No. 14; Motion to Refer) (collectively Motions), both filed on December 3, 2014.  Plaintiff filed responses opposing both motions on December 15, 2014.  See Response to Motion to Transfer Pursuant to Standing Order of Reference (Doc. #14) (Doc. No. 15;  Response to Motion to Refer); Response to Motion to Dismiss Amended Complaint (Doc. #13) (Doc. No. 16; Response to Motion to Dismiss). Accordingly, both Motions are ripe for review.

I.   **Background Facts**[1]

Plaintiff Curtis A. Neal (Neal) alleges that he filed a voluntary petition in the United States Bankruptcy Court for the Middle District of Florida under Chapter 13 of the Bankruptcy Code on March 4, 2014.  See Amended Complaint and Demand for Jury Trial (Doc. No. 9; Amended Complaint) ¶5.  He further alleges that in his Chapter 13 filing he identified a debt he owed to All Debt Traders Portfolio on an account he had not used for over five years prior to the date of filing bankruptcy.  Id. ¶6.  Thereafter, Neal alleges that Defendant Atlas Acquisitions, LLC (Atlas), acting as a debt collector, filed a proof of claim for the debt in the bankruptcy proceeding.  Id. ¶7; Exhibit 2 to Complaint (Doc. No. 9 at 11-14; Proof of Claim).  Because the Proof of Claim reflected that the last payment made on the account was made more than five years before Neal filed his bankruptcy petition, Neal alleges that the debt was unenforceable under Florida's five year statute of limitations.  See Amended Complaint ¶¶8-9.

Based on these facts, in Count One of his Amended Complaint, Neal alleges that Atlas violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq (FDCPA) in that Atlas (1) misrepresented the character and legal status of the debt in violation of 15 U.S.C. § 1692e(2); (2) used unfair means to collect a debt by filing the Proof of Claim for a stale, unenforceable claim in violation of 15 U.S.C. § 1692f(1); (3) failed to register with the Florida Department of Financial Regulation as required by Florida Statutes section 559.555,

---

[1]   In considering the Motion to Dismiss, the Court must accept all factual allegations in the Amended Complaint as true, consider the allegations in the light most favorable to the plaintiff, and accept all reasonable inferences that can be drawn from such allegations. Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003); Jackson v. Okaloosa Cnty., Fla., 21 F.3d 1531, 1534 (11th Cir. 1994).  As such, the facts recited here are drawn from the Amended Complaint, and may well differ from those that ultimately can be proved.

thereby using an unfair practice in attempting to collect a debt in violation of 15 U.S.C. § 1692f(1); (4) used false or misleading representations to collect or attempt to collect a debt that it was legally unable to collect in violation of 15 U.S.C. § 1692e(5),(10).  See Amended Complaint at 3-5.  In Count Two of his Amended Complaint, Neal alleges that Atlas violated the Florida Consumer Collection Practices Act, Florida Statutes section 559.55 et seq (FCCPA) because it attempted to receive payment for a debt it knew was unenforceable. See id. ¶22.  For both counts, Neal seeks actual and statutory damages, as well as attorney's fees and costs.  See id. ¶¶20, 25.  In response to the Amended Complaint, Atlas filed the instant Motions, seeking either dismissal of the Amended Complaint or an order referring the Neal's claims to the bankruptcy court.  The Court will resolve the Motion to Dismiss before considering whether referral of this action to the bankruptcy court is warranted.

## II.     Motion to Dismiss Standard of Review

In ruling on a motion to dismiss, brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Rule(s)), the Court must accept the factual allegations set forth in the complaint as true.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); see also Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002).  In addition, all reasonable inferences should be drawn in favor of the plaintiff.  See Omar ex. rel. Cannon v. Lindsey, 334 F.3d 1246, 1247 (11th Cir. 2003) (per curiam).  Nonetheless, the plaintiff must still meet some minimal pleading requirements.  Jackson v. Bellsouth Telecomm., 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted).  Indeed, while "[s]pecific facts are not necessary[,]" the complaint

should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted).  Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," which simply "are not entitled to [an] assumption of truth." See Iqbal, 556 U.S. at 678, 680-81.  Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 570).

## III.    Discussion

In the Motion to Dismiss, Atlas raises several arguments seeking the dismissal of both counts of the Amended Complaint.  First, Atlas argues that Count One of the Amended Complaint should be dismissed because filing a Proof of Claim does not violate the FDCPA,

the Bankruptcy Code precludes FDCPA claims based on the filing of a proof of claim, and, alternatively, Atlas committed a bona fide error.  See Motion to Dismiss at 3-14.  As to Count Two of the Amended Complaint, Atlas contends that the Bankruptcy Code preempts the FCCPA, and even if it does not, Atlas is immune from liability for acts taken during the course of the bankruptcy proceedings.  See id. at 14-16.  Neal responds to Atlas's first argument by citing binding Eleventh Circuit precedent holding that filing a stale proof of claim is a violation of the FDCPA.  See Response to Motion to Dismiss at 5-6, 9-11.  He further argues that the Bankruptcy Code did not impliedly repeal the FDCPA, and Atlas is not entitled to dismissal on the affirmative bona fide error defense.  See id. at 7-9,11-13.  Last, as to Atlas's FCCPA arguments, Neal contends that the Bankruptcy Code does not preempt state law and the litigation privilege is not applicable because a proof of claim does not constitute a pleading and is not otherwise litigation.  See id. at 13-15.  Moreover, even if the privilege applies, Neal argues that it is an affirmative defense and cannot provide the basis for dismissal for failure to state a claim.  See id. at 15.  The Court turns first to Atlas's preclusion argument, which is dispositive.

### 1.    FDCPA Preclusion

In considering Atlas's preclusion argument, the Court begins by acknowledging that "[o]ne federal statute does not preempt another."  Randolph v. IMBS, Inc., 368 F.3d 726, 730 (7th Cir. 2004).  Rather, when two federal statutes address the same subject in different ways, the right question is whether one implicitly repeals the other—and repeal by implication is a rare bird indeed."  Id.  A number of courts have addressed the relationship between the FDCPA and the Bankruptcy Code over the past decade, but there is no real

consensus regarding whether the Bankruptcy Code precludes FDCPA claims arising in connection with a bankruptcy filing.  Simon v. FIA Card Servs., 732 F.3d 259, 271 & n.7 (3d Cir. 2013) ("The appellate and trial courts have reached varying and sometimes inconsistent conclusions about whether and when the Bankruptcy Code precludes FDCPA claims arising from communications to a debtor sent in the bankruptcy context.").  The Eleventh Circuit Court of Appeals has remained silent on the issue, expressly declining to consider whether the Bankruptcy Code displaces the FDCPA in the bankruptcy context in Crawford v. LVNV Funding, LLC, 758 F.3d 1254, 1262 n.7 (11th Cir. 2014).  There, because the defendant did not argue preclusion, the court simply noted that the circuit courts of appeal that have addressed the issue are split.  See id. (citing cases).

The leading authority supporting a finding of preclusion is Walls v. Wells Fargo Bank, N.A., 276 F.3d 502, 511 (9th Cir. 2002), in which the Ninth Circuit Court of Appeals held that the remedies under the Bankruptcy Code preclude relief under the FDCPA.  Specifically, the court held that § 524 of the Bankruptcy Code did not permit a private right of action for violation of a discharge injunction.  See id. at 506-10.  The court then determined that "[t]here is no escaping that Walls's FDCPA claim is based on an alleged violation of § 524. . . . this necessarily entails bankruptcy laden-determinations."  Id. at 510.  In holding that the Bankruptcy Code was the plaintiff's exclusive remedy for a violation of § 524, the Ninth Circuit explained:

> To permit a simultaneous claim under the FDCPA would allow through the back door what Walls cannot accomplish through the front door—a private right of action.  This would circumvent the remedial scheme of the Code under which Congress struck a balance between the interests of debtors and creditors by permitting (and limiting) debtors' remedies for violating the discharge injunction to contempt.  "[A] mere browse through the complex,

> detailed, and comprehensive provisions of the lengthy Bankruptcy Code . . . demonstrates Congress's intent to create a whole system under federal control which is designed to bring together and adjust all of the rights and duties of creditors and embarrassed debtors alike. Nothing in either Act persuades us that Congress intended to allow debtors to bypass the Code's remedial scheme when it enacted the FDCPA. While the FDCPA's purpose is to avoid bankruptcy, if bankruptcy nevertheless occurs, the debtor's protection and remedy remain under the Bankruptcy Code.

Id. (alterations in original) (internal citations omitted).  Addressing the same issue, the Seventh Circuit considered the Walls' analysis but declines to accept it. See Randolph, 368 F.3d at 733.

In Randolph, the Seventh Circuit determined that a debtor receiving requests for immediate payment of a debt that the bankruptcy court has stayed or discharged may be able to recover for a debt collector's false statements under the FDCPA or under the Bankruptcy Code. See id. at 728. The court stated that, to find repeal by implication as necessary for preclusion, "[i]t takes either irreconcilable conflict between the statutes or a clearly expressed legislative decision that one replace the other." Id. at 730. Reviewing the two statutes, specifically § 362(h) of the Bankruptcy Code and § 1692e(2)(A) of the FDCPA, the court concluded that the two statutes merely overlap. See id. at 730-31. "Overlapping statutes do not repeal one another by implication; as long as people can comply with both, then courts can enforce both." Id. at 731. Having reviewed the applicable sections of both the Bankruptcy Code and the FDCPA and concluded that the two statutes can be enforced without irreconcilable conflict and parties can comply with both, the Seventh Circuit ruled that the Bankruptcy Code does not impliedly repeal the FDCPA. See id. at 732.

Following Randolph, the Third Circuit addressed preclusion when it considered "whether a debt collector's letter and notice requesting an examination under Federal Rule

of Bankruptcy Procedure 2004 and offering to settle a debt, sent in a pending bankruptcy in contemplation of an adversary proceeding to challenge dischargeability, [could] be the basis for liability under the FDCPA." Simon, 732 F.3d at 262.   After addressing the split of authority between Walls and Randolph, the Simon court followed the Seventh Circuit's approach in Randolph and declined to adopt a categorical preclusion of FDCPA claims when those claims arise from communications a debtor sends to a bankruptcy debtor in a pending bankruptcy proceeding, or when there is no allegation that the communications violate the Code or Bankruptcy Rules.  See id. at 274.  However, the Third Circuit found that the Bankruptcy Code did preclude the plaintiffs' claim under § 1692e(11) of the FDCPA because on the facts before the court, sending the notice that was required by § 1692e(11) would violate the Bankruptcy Code's automatic stay provision.  See id. at 279-80.  Due to this irreconcilable conflict, the court determined that the Bankruptcy Code precluded a § 1692e(11) claim in that case.

In opposing dismissal here, Neal urges the Court to follow Randolph and find that the Bankruptcy Code does not preclude his FDCPA claim.  See Response to Motion to Dismiss at 7-8.  A number of other courts have taken such an approach.  See e.g., In re Marshall, 491 B.R. 217, 227 (Bankr. S.D. Ohio 2012) (holding, in regards to a § 524 violation "This Court likewise adopts the approach of the Seventh Circuit and concludes that the Debtor's FDCPA Claim is not precluded by the Bankruptcy Code."); In re Atwood, 452 B.R. 249, 252-53 (Bankr. D. N.M. Apr. 7, 2011) (noting the circuit split, finding the Seventh Circuit reasoning more persuasive, and determining that both statutes are enforceable because the operational differences between the two "do not 'add up to irreconcilable conflict'");

Burkhalter v. Lindquist & Trudeau, Inc., No. 4:04CV1803-DJS, 2005 WL 1983809, at *1 (E.D. Mo. Aug. 16, 2005) ("The Eighth Circuit not having addressed the issue, this Court finds more persuasive the detailed analysis of the Seventh Circuit in Randolph and adopts that rationale and conclusion over the contrary summary treatment of the issue in Walls.").

While the Court may agree that the Bankruptcy Code does not preclude all FDCPA claims based on violations of the Code, this does not mean that the Bankruptcy Code does not preclude any FDCPA claims. For example, after the court in Atwood determined that it was persuaded by the reasoning in Randolph, it noted that "[t]he result might be different, however, if the conduct in question related to actions taken in or in connection with the bankruptcy case itself." Atwood, 452 B.R. at 252 n.7 (citing cases in which courts have found preclusion where the FDCPA claim arose from the filing of a proof of claim in bankruptcy). Such a distinction appears entirely appropriate. Notably, in reaching its decision the Simon court listed numerous decisions addressing this preclusion question. A review of those decisions discloses that the majority of the cases finding that the Bankruptcy Code did not preclude the FDCPA involved claims based on violations of the automatic stay and discharge injunction provisions of the Bankruptcy Code, while those finding the FDCPA claim to be precluded mostly involved claims based on the filing of inflated or stale proofs of claim like the one Neal asserts here. See Simon, 732 F.3d at 271 n.7 (collecting cases). Indeed, in In re Pariseau, 395 B.R. 492, 494 (Bankr. M.D. Fla. 2008), the bankruptcy court explained:

> [A]lthough other courts have applied the FDCPA in bankruptcy cases, they have done so only in the very narrow context of situations involving the automatic stay or dischargeability. For instance, the Seventh Circuit held that the FDCPA applied when a creditor sent a post-petition collection notice in an

> attempt to collect a debt that had been discharged by the former Chapter 13 debtor's case. <u>Hyman v. Tate</u>, 362 F.3d 965 (7th Cir. 2004) . . . However, the instant proceeding does not deal with the applicability of the FDCPA to violations involving the automatic stay or dischargeability. Accordingly, the Court does not find the case law submitted by Plaintiffs to be persuasive, especially in light of the numerous decisions which hold that FDCPA claims that arise from the filing of a proof of claim during the pendency of a bankruptcy proceeding are precluded by the available remedies Congress enumerated in Title 11 of the United States Code.

<u>Id.</u> at 494 (emphasis in original). Persuaded by these latter opinions, the court dismissed the debtor's FDCPA claim based on the filing of three proofs of claim. <u>See id.</u> at 493-94, 496.

In noting the split of authority on FDCPA preclusion, in <u>Crawford</u>, the Eleventh Circuit acknowledged, without any further comment, the Second Circuit's decision in <u>Simmons v. Roundup Funding, LLC</u>, 622 F.3d 93 (2d Cir. 2010). <u>See Crawford</u>, 758 F.3d at 1262 n.7. In <u>Simmons</u>, the court held that "the filing of a proof of claim in bankruptcy court cannot form the basis for an FDCPA claim." <u>Simmons</u>, 622 F.3d at 96. It explained:

> Federal courts have consistently ruled that filing a proof of claim in bankruptcy court (even one that is somehow invalid) cannot constitute the sort of abusive debt collection practice proscribed by the FDCPA, and that such a filing therefore cannot serve as the basis for an FDCPA claim. <u>See, e.g.</u>, <u>B-Real, LLC v. Rogers</u>, 405 B.R. 428, 431-32 (M.D. La. 2009) ("[T]he Bankruptcy Code itself contemplates a creditor filing a proof of claim on a time-barred debt and the Bankruptcy Court disallowing such claim after objection from the debtor. It is difficult for this Court to understand how a procedure outlined by the Bankruptcy Code could possibly form a basis of a violation under the FDCPA."); <u>Middlebrooks v. Interstate Credit Control, Inc.</u>, 391 B.R. 434, 437 (D. Minn. 2008) (holding that an FDCPA action cannot be premised on the filing of a proof of claim in bankruptcy court) . . .
>
> We join these courts. The FDCPA is designed to protect defenseless debtors and to give them remedies against abuse by creditors. There is no need to protect debtors who are already under the protection of the bankruptcy court, and there is no need to supplement the remedies afforded by bankruptcy itself.

Id. at 95-96.  The reasoning of the Simmons court is relevant in that it highlights the conflict between the Bankruptcy Code, which permits the filing of a stale claim but contains a mechanism to remedy it, and the FDCPA, which does not.  As the Simmons court further explained:

> Debtors in bankruptcy proceedings do not need protection from abusive collection methods that are covered under the FDCPA because the claims process is highly regulated and court controlled.  While the FDCPA's purpose is to protect unsophisticated consumers from unscrupulous debt collectors, that purpose is not implicated when a debtor is instead protected by the court system and its officers.

Id. at 96.

Atlas cites In re Williams, 392 B.R. 882 (Bankr. M.D. Fla. 2008), which is similarly persuasive authority.  See Motion to Dismiss at 8.  In Williams the court distinguished Seventh Circuit decisions including Randolph that involved violations of the automatic stay and discharge injunction from the case before it, explaining:

> Here, Asset did not engage in any wrongful conduct by filing a proof of claim. To hold otherwise would undermine the rights of creditors in the bankruptcy process.  The creditor's right to file a claim is not impacted by whether the statute of limitations had run, as the debtor must raise the statute of limitations issue as an affirmative defense, and even then the court still must determine whether it has tolled and run.  The debtor does not need the FDCPA to protect itself from improper claims, as the Bankruptcy Code allows the debtor to file an objection.  If this Court was to apply the FDCPA in this instance, debtors would be encouraged to file adversary proceedings instead of simply an objection to the creditor's claim, which is incredibly inefficient and undermines the process provided by the Bankruptcy Code.

Williams, 392 B.R. at 885-86.  The court in Middlebrooks echoed these sentiments:

> The FDCPA and Bankruptcy Code overlap but generally coexist peaceably. However, where the alleged misconduct giving rise to an FDCPA claim occurred as part of the bankruptcy proceedings, "allowing a bankrupt debtor to assert an FDCPA claim could potentially undermine the Bankruptcy Code's specific provisions for administration of the debtor's estate.  In other words,

> permitting an FDCPA action based on a bankruptcy proof of claim "could discourage creditors from filing claims . . . and encourage debtors to ignore the procedural safeguards within the Bankruptcy Code, such as the right to object to proofs of claim and to seek sanctions against creditors who violate provisions within the Bankruptcy Code, in favor of the FDCPA."

Middlebrooks, 391 B.R. at 437 (quoting Rice-Etherly v. Bank One (In re Rice-Etherly), 336 B.R. 308, 312 (Bankr. E.D. Mich. 2006)) (internal citations omitted).[2]  Last, in In re Chaussee, 399 B.R. 225, 237 (B.A. P. 9th Cir. 2013), although the court was bound to follow Walls, it noted that it would still find claim preclusion if it were not so restrained.  The court explained:

> Unlike in Randolph, where the debtor's claim against the creditor was based upon the creditor's action taken after conclusion of the bankruptcy case, the purported FDCPA violation targets B-Real's act of filing a proof of claim in the pending bankruptcy case.  Application of the FDPCA to this conduct would certainly conflict with the Code.

Id.[3]

    In the action before the Court, Neal identified Atlas as a creditor in his Chapter 13 bankruptcy filing.  Atlas then filed a proof of claim regarding the debt which reflected that the

---

[2]    The Court recognizes that there is at least one decision reaching the opposite conclusion.  In Kline v. Mortgage Electronic Security Systems, 659 F. Supp. 2d 940, 950-51 (S.D. Ohio 2009), the court found the reasoning of the Seventh Circuit in Randolph persuasive and concluded "that the Bankruptcy Court did not impliedly repeal the FDCPA, in cases where the plaintiff's claim under the FDCPA arose out of actions that occurred during a bankruptcy proceeding," which included filing an inflated proof of claim.  However, the Court does not find this opinion to be persuasive because it does not address the sound reasoning of the above authority outlining the conflict between the Code and the FDCPA in cases involving the filing of an improper proof of claim.

[3]    Neal cites Davis v. NCO Financial Systems, Inc., No. 8:14-cv-198-T-24TGW, 2014 WL 4954705 (M.D. Fla. Oct. 2, 2014), an opinion decided after Crawford, as supporting a finding that the Bankruptcy Code does not preclude his FDCPA claim.  The Court in Davis followed Randolph as well as the Middle District decision in Bacelli v. MFP, Inc., 729 F. Supp. 2d 1328 (M.D. Fla. 2010) and denied a motion to dismiss based on preclusion, stating that the plaintiff's allegations in the case before it were "separate and apart from any claim" the plaintiff may have in the bankruptcy court.  Id. at *4.  However, the basis of the FDCPA claim in Davis was an alleged violation of the automatic stay, not the filing of an improper proof of claim.  See id.  Accordingly, Davis is not persuasive.

-12-

last payment on the account was made more than five years before the filing of the bankruptcy petition.  Based on the persuasive reasoning of the decisions discussed above, the Court finds that the Bankruptcy Code precludes an FDCPA claim based on these specific facts.  Thus, Atlas's Motion to Dismiss is due to be granted to the extent it seeks dismissal of Neal's FDCPA claim and the Court need not resolve Atlas's additional arguments regarding the sufficiency of the FDCPA claim.[4]

### 2.    FCCPA Claim

Having determined that the only claim supporting federal jurisdiction in this action is due to be dismissed, the Court next considers whether to continue to exercise supplemental jurisdiction over the remaining state law claim.  "The decision to exercise supplemental jurisdiction over pend[e]nt state claims rests within the discretion of the district court."  Raney

_____

[4]     Atlas notes that Neal also bases his FDCPA claim on a violation of the FCCPA, Florida Statutes section 559.555, which requires debt collectors to register with the Florida Department of Financial Regulation, see Amended Complaint ¶19c, and contends that "this claim is merely a disguised FCCPA claim" that the Court should evaluate based on Atlas's FCCPA arguments.  See Motion to Dismiss at 3 n.2.  However, the Court determined above that the Bankruptcy Code precludes FDCPA claims based on the filing of a defective proof of claim.  This determination applies whether the alleged violation of the FDCPA is the filing of a stale claim or the filing of a claim without registering as a debt collector under state law.  In a recent opinion, a jurist in this district dismissed a similar FDCPA claim as precluded for the same reasons addressed above.  See Townsend v. Quantum3 Grp., LLC, No. 3:14-cv-1301-J-39PDB, 2015 WL 4603410, at *9-13 (M.D. Fla. July 29, 2015).  As the court in Townsend explained:

> The Bankruptcy Code provides that all creditors, regardless of licensure, have the right to file a proof of claim.  The FDCPA, on the other hand, has been interpreted as requiring that some creditors register as a consumer collection agency under state law as a condition precedent to filing a proof of claim.  Those two requirements cannot live in the same place.  One statutory scheme allows all proofs of claim; the other does not.  The FDCPA seeks to engraft a requirement onto the Bankruptcy Code that Congress importantly omitted.  In doing so, the FDCPA seeks to encroach on a creditor's absolute right to file a proof of claim without registering under a state licensing scheme.

Id. at *12 (internal citations omitted).  The undersigned agrees entirely with this analysis.  Accordingly, the FDCPA claim is due to be dismissed in its entirety.

v. Allstate Ins. Co., 370 F.3d 1086, 1088-89 (11th Cir. 2004).  Pursuant to 28 U.S.C. §

1367(c), the Court may decline to exercise jurisdiction over a state claim if:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).  Notably, "[a]ny one of the section 1367(c) factors is sufficient to give

the district court discretion to dismiss a case's supplemental state law claims." Parker v.

Scrap Metal Processors, Inc., 468 F.3d 733, 743 (11th Cir. 2006).  However, upon

determining that it has the discretion under § 1367(c) to decline jurisdiction, "[a district court]

should consider the traditional rationales for pendent jurisdiction, including judicial economy

and convenience in deciding whether or not to exercise that jurisdiction." Palmer v. Hosp.

Auth. of Randolph Cnty., 22 F.3d 1559, 1569 (11th Cir. 1994).  Upon due consideration, the

Court finds that judicial economy and convenience would not be served by retaining

jurisdiction over Neal's state law claim.

What remains is a uniquely state law claim that is best addressed by the state courts.

Although the parties have conducted discovery, no dispositive rulings have been made as

to the state law claim.  Thus, the procedural posture of the case weighs in favor of declining

jurisdiction in order to allow the case to proceed fully in state court.  When, as here, a

plaintiff's federal claim is dismissed prior to trial, the Eleventh Circuit Court of Appeals has

"encouraged district courts to dismiss any remaining state claims." Raney, 370 F.3d at 1089;

Busse v. Lee Cnty., Fla., 317 F. App'x 968, 973-74 (11th Cir. 2009) ("Since the district court 'had dismissed all claims over which it has original jurisdiction,' it therefore had the discretion not to exercise supplemental jurisdiction over [Appellant's] state law claims.  28 U.S.C. § 1367(c)(3).  Furthermore, we expressly encourage district courts to take such action when all federal claims have been dismissed pretrial.").  See also Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.").

Upon consideration of the § 1367 factors and the "traditional rationales for pendent jurisdiction, including judicial economy and convenience," see Palmer, 22 F.3d at 1569, the Court declines to exercise supplemental jurisdiction over Count Two of the Amended Complaint.  Accordingly, the claim set forth in Count Two of the Amended Complaint is due to be dismissed without prejudice to refiling in the appropriate state court, if Neal so chooses. See Raney, 370 F.3d at 1089.  As all claims in this action are due to be dismissed, the Court need not address Defendant's Motion to Refer this action to the bankruptcy court.

In light of the foregoing, it is hereby

**ORDERED**:

1.      The Motion to Dismiss Plaintiff's Amended Complaint (Doc. No. 13) is **GRANTED** as follows.

2.      Count One of the Amended Complaint and Demand for Jury Trial (Doc. No. 9) is **DISMISSED**.   Count Two of the Amended Complaint is **DISMISSED WITHOUT PREJUDICE** to Plaintiff refiling it in the appropriate state court.

3.      The Motion for Entry of an Order Referring Case to the United States Bankruptcy Court for the Middle District of Florida Pursuant to Standing Order of Reference (Doc. No. 14) is **DENIED AS MOOT**.

4.      The Clerk of the Court is directed to terminate any pending motions or deadlines and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 25th day of September, 2015.

*Marcia Morales Howard*

**MARCIA MORALES HOWARD**
United States District Judge

lc16

Copies to:

Counsel of Record